IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JIMMY RAY DARBY, ID # 314319, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:06-CV-1928-K(BH) |
| | ) | |
| DALLAS COUNTY SHERIFF, et al., | ) | |
| Defendants. | ) | Pretrial Management |

## ORDER

After reviewing the objections to the Findings, Conclusions, and Recommendation of the of the United States Magistrate Judge and conducting a *de novo* review of those parts of the Findings and Conclusions to which objections have been made, I am of the opinion that the Findings, Conclusions, and Recommendation of the Magistrate Judge are correct except as modified in this order, and they are adopted as the Findings and Conclusions of the Court, with the modifications.

The Court notes that Plaintiff brings the following claims against the Defendant Dallas County Sheriff: (1) failure to make and implement proper rules, regulations, policies and procedures to (a) accommodate Plaintiff's disability, and (b) to ensure that inmates receive prompt and adequate emergency medical care; (2) failure to accommodate a disability and to protect; and (3) denial of proper medical care. Only the latter claim is timely. The statute of limitations for Plaintiff's claims regarding failure to make proper rules to accommodate his disability, failure to accommodate and

to protect began to run, at the latest, on July 4, 2004, when Plaintiff fell after the Dallas County Sheriff assigned him to a top bunk despite his disability. *See Gonzalez v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) (holding that a § 1983 claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the suit). The Court further notes that the limitations period on Plaintiff's claim of failure to make proper rules to ensure inmates are provided prompt emergency care accrued when Plaintiff received emergency medical treatment on July 8, 2004. Since Plaintiff's complaint was not filed until July 12, 2006, more than two years later, his claims concerning failure to implement policies to accommodate his disability, ensure prompt emergency medical care, and failure to accommodate or protect are time-barred. *See Piotrowski v. City of Houston*, 51 F.3d 512, 515 n.5 (5th Cir. 1995) (holding statute of limitations on a § 1983 claim is two years from date the claim accrues). In contrast, Plaintiff's claim against the Dallas County Sheriff for denial of proper medical care for his broken foot did not accrue until July 16, 2004, when the Sheriff allegedly prevented Plaintiff from attending an appointment with an orthopedic specialist. Thus, Plaintiff's § 1983 claim based on this event is timely-asserted and remains before the Court.

Plaintiff objects to the Magistrate Judge's finding that equitable tolling does not save his claims that accrued before July 12, 2004. The Fifth Circuit has consistently held that "equitable tolling is only appropriate in 'rare and exceptional circumstances.'" *United States v. English*, 400 F.3d 273, 275 (5th Cir. 2005); *see also Cavazos v. Gonzales*,

181 Fed. Appx. 453 (5th Cir. 2006). Plaintiff's excuse that he could not file his § 1983 complaint timely because he was waiting for a notarized copy of his prison account statement is not a "rare and exceptional circumstance" sufficient to invoke equitable tolling. *See Lyons v. Emerick*, 187 Fed. Appx. 219, 222 (3rd Cir. 2006) (holding that the fact Plaintiff had to wait for prison officials to provide him a prison account statement in order to submit an *in forma pauperis* application with his § 1983 complaint did not warrant equitable tolling). There is no federal rule that would have interfered with Plaintiff filing his § 1983 complaint even though it was not accompanied by an in forma pauperis application. *See* FED. R. CIV. P. 5(e) ("The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices.").

In addition to showing that "rare and exceptional circumstances" prevented the timely filing of his complaint, plaintiff must also show he acted diligently to protect his rights. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). Plaintiff's explanation that he completed his § 1983 complaint on June 30, 2006, but could not file it until July 12, 2006 because that is when he obtained a notarized copy of his prison account statement, does not show he acted diligently. Plaintiff had 730 days from July 4, 2004 to July 4, 2006 to file his suit. Yet, he admits that he waited until, at the earliest, June 30, 2006—the last 4 days of the limitations period on his claims that accrued on July 4, 2004—to prepare his § 1983 complaint. Plaintiff has shown no reason why he had

to wait until the eleventh hour to prepare his § 1983 complaint.  *See In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) ("A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify.").  Further, Plaintiff's arguments for why he did not file his complaint within the limitations period address only the last 12 days of the two year limitations period and do not show any reason why he could not have filed suit during the portion of the two year limitations period (718 days) that preceded June 30. 2006.  *See Covey v. Arkansas River Co.*, 865 F.2d 660, (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.").  Accordingly, Plaintiff's objections are **OVERRULED**.

It is therefore ORDERED that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge are accepted.  Defendant's motion to dismiss under Rule 12(b)(1) is **DENIED**, and her motion to dismiss under Rule 12(b)(16) is **GRANTED, in part.**  Plaintiff's claims against the Dallas County Sheriff in an official capacity for failure to implement policies and procedures to accommodate his disability and to provide emergency medical care, failure to accommodate and to protect claims that accrued prior to July 12, 2004, are **DISMISSED** on the grounds that they are barred by limitations, and all of Plaintiff's claims against Dallas County Sheriff Lupe Valdez in her individual capacity are **DISMISSED**.  Remaining for trial against the

Dallas County Sheriff in her official capacity are the denial of medical care claims that allegedly occurred on July 16, 2004.

SO ORDERED.

Signed this 3rd day of August, 2007.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE