IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JIMMY RAY DARBY, ID # 314319,** § | | |
| Plaintiff, § | | |
| vs. § | No. 3:06-CV-1928-K(BH) | |
| § | | |
| **DALLAS COUNTY SHERIFF, et al.,** § | | |
| Defendants. § | Pretrial Management | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's Special Order No. 3-251, this case was referred to this Court for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. The findings, conclusions, and recommendation of the Magistrate Judge follow:

### I. BACKGROUND

Plaintiff brings the instant action under 42 U.S.C. § 1983 against the Dallas County Sheriff and Nurse Colin, a.k.a. Nurse Mary Doe[1] alleging violations of his constitutional rights while he was incarcerated at the Dallas County Jail as a pretrial detainee.[2] (Compl. at 3).[3] Against the Dallas County Sheriff, he asserts claims of (1) failure to make and implement proper rules, regulations, policies and

---

[1] The style of Plaintiff's complaint also lists "[a]ny and all other individuals, agents, correction officials, acting unauthorized, unlawful and unconstitution [sic] individually, personally and jointly to violate the Plaintiff's rights under the United States Constitution and its conforming laws as known and identified by the Defendants." (*See* Compl. at 2). Liberally construing Plaintiff's complaint, the Court finds that Plaintiff attempts to sue "unknown Defendants."

[2] Plaintiff has recently filed a notice of change of address indicating that he is no longer confined in prison. *See* Doc. No. 28, (3:06-CV-1928-K) (N.D. Tex. Jul. 23, 2007). The fact that Plaintiff is not presently incarcerated does not affect his standing to pursue his § 1983 claim seeking monetary damages for defendants' alleged wrongdoings. *Rhodes v. Bureau of Prisons*, 477 F.2d 347, 348 (5th Cir. 1973).

[3] The Court notes that the first page of Plaintiff's complaint is numbered as "-2-" and the subsequent pages are numbered "-3-", "-4-", "-4a-", "-4b-", "5". The Court will refer to the pages of Plaintiff's complaint as numbered.

procedures to (a) accommodate his disability,[4] and (b) ensure that inmates received prompt emergency medical care; (2) failure to accommodate; (3) failure to protect/provide a safe environment; and, (4) denial of proper medical care. *Id*. Plaintiff also brings claims against Nurse Colin and the unknown defendants for denial of proper medical care.

Specifically, Plaintiff pleads the following facts in support of his § 1983 claim. Plaintiff alleges that while he was incarcerated at the Dallas County jail on July 4, 2004, at approximately 8:00 a.m., he fell from the top bunk in his cell and suffered a broken left foot. (Compl. at 3). After alerting security officers that he had fallen and sustained an injury, he was assisted to the Nurse's station by fellow inmates. (Compl. at 4). Plaintiff contends that the nurse on duty, Nurse Colin, did not treat his injury, but instead advised that he would have to return at 11:00 a.m. and see the nurse who would then be on duty. *Id.* When Plaintiff returned to the nurse's station at approximately 11:00 a.m., Nurse Colin was still on duty, and she again refused to examine his injury. *Id.* Plaintiff states his injury was ultimately not treated until 5:00 p.m., on July 4, 2004, at which time his foot was wrapped, he was given ibuprofen, and his name was placed on a list receive an x-ray and be seen by a doctor. *Id.* Plaintiff further states that his foot was not examined again until July 8, 2004, only because his family intervened on his behalf and placed a call to a doctor at Parkland Hospital. (Compl. at 4a). Plaintiff states that x-rays taken at Parkland revealed a fracture to his left foot. *Id*. He was given Tylenol #3, a hard sole shoe, crutches to assist with his mobility, and a follow-up appointment with an orthopedic doctor on July 16, 2004. *Id.*

Plaintiff alleges that Defendant Dallas County Sheriff prevented him from receiving the

---

[4] Plaintiff states that he suffers from pain and "inability to bend, climb and otherwise due to a back injury." (Compl. at 3).

recommended follow-up evaluation by an orthopedic doctor. *Id.* Plaintiff suggests the Dallas County Sheriff acted to remove him from county jail in order to limit the extent of his liability for plaintiff's injury and to prevent plaintiff from learning about the nature and severity of his injury from the orthopedic specialist. *Id.* Plaintiff alleges he suffers from permanent injury and damage due to the improper medical treatment, indifference to his medical needs, and failure to protect and accommodate his disability. (Compl. at 4a.). Plaintiff seeks compensatory damages for his injuries as well as punitive damages and any other monetary relief to which he may be entitled. (Compl. at 4b).

Defendant Dallas County Sheriff Lupe Valdez ("Defendant Valdez") filed an answer and a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on December 21, 2006. *See* Doc. No. 14, (3:06cv1928-K) (N.D. Tex. Dec. 21, 2006). No other defendant has appeared in this suit. The Court's docket sheet reflects that the United States Marshal could not serve the summons for Nurse Colin a.k.a. Nurse Mary Doe because the address given was a postal service store, and because she is "no longer employed by DCJ" and their records do not contain a forwarding address. *See* Doc. No. 13, (3:06cv1928-K) (N.D. Tex. Dec. 14, 2006). Nonetheless, the Court recommends that Plaintiff's claims against Nurse Colin be dismissed because, as shown in the discussion below, such claims are barred by limitations. Additionally, Plaintiff's claims against the unknown defendants should be dismissed for lack of jurisdiction and/or failure to state a claim upon which relief may be granted.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). Under § 1915(e)(2)(B), the Court may, *sua sponte*, dismiss the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which

relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *Id.*

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails "*in toto* to render plaintiff['s] entitlement to relief plausible." *Bell Atlantic Corp. v. Twombly*, ___U.S.___, 127 S.Ct. 1955, 1973 n.14 (2007). Simply, the new plausibility standard requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." 127 S.Ct. at 1974.

**A.** *Limitations*

Here, Plaintiff sues Nurse Colin and unknown defendants for acts or omissions that occurred on July 4, 2004 and July 8, 2004. (Compl. at 3-4a). Plaintiff filed his complaint on July 12, 2006.[5] The delay between the dates of the alleged acts and omissions and the date Plaintiff filed the instant action prompts consideration of the timeliness of the suit.[6]

"The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). In view of Texas' two-year statute of limitations for personal injury claims,

---

[5] Although the district clerk docketed Plaintiff's complaint on July 17, 2006, Plaintiff signed it on July 12, 2006, and the Court will deem it filed on the earlier date. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1988) (holding an inmate's *pro se* pleading is deemed filed when delivered to prison authorities for mailing).

[6] In the findings, conclusions and recommendation ("FCR") issued on May 24, 2007, the Court found that Plaintiff's claims against the Sheriff that accrued before July 12, 2004, were barred by the statute of limitations. *See* Doc. No. 22 (3:06-CV-1928-K) (N.D. Tex. May 24, 2007).

4

TEX. CIV. PRAC. & REM. CODE § 16.003, Plaintiff "had two years to file suit from the date" that his § 1983 claims accrued. *Id.*; *see also, Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000). Having filed this action on July 12, 2006, Plaintiff's claims would have had to accrue within two years of this date, i.e., July 12, 2004, to be actionable.

Accrual of a § 1983 claim is governed by federal law:

Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.' A plaintiff's awareness encompasses two elements: '(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions.' A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required 'if the circumstances would lead a reasonable person to investigate further.'

*Piotrowski*, 237 F.3d at 576 (citations omitted). In other words, "[t]he cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

In this instance, Plaintiff's claims against Nurse Colin and unknown defendants appear to fall outside the applicable statute of limitation. Plaintiff's complaint establishes that he knew the facts that form the basis for his claims on July 4, 2004 and July 8, 2004 when the acts and omissions allegedly occurred. (Compl. at 3-4a). While Plaintiff may not have been aware of the full extent of his injury on July 4, 2004, this is the date he knew of an injury to his foot and the date the limitations period began to accrue. *See Tarpley v. Texaco, Inc.*, No. 3:96-CV-3209-R, 1998 WL 133122, at * 4 (N.D. Tex. Mar. 16, 1998). Equally, Plaintiff knew of the acts or omissions that resulted in the lack of follow-up treatment on July 8, 2004. However, plaintiff did not file the instant suit until more than two years later, on July 12, 2006. It thus appears that his § 1983 claims pertaining to violations occurring on July 4, 2004 and July 8, 2004 are time-barred.

5

Although some of Plaintiff's claims appear to be time-barred, the applicable limitations period may be equitably tolled in appropriate circumstances. "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). Further, the Fifth Circuit has advised that the state's tolling provisions should be a "primary guide" for federal courts. *Piotrowski*, 237 F.3d at 577 n.14 (citations omitted). A federal court may disregard the state tolling rule only if it is inconsistent with federal policy." *See FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted).

Under Texas law, imprisonment is no longer a "disability that toll[s] the running of the limitations period." *Slack v. Carpenter*, 7 F.3d 418, 419 (5th Cir. 1993). Furthermore, Texas courts look to several factors in deciding whether to apply the doctrine of equitable tolling: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and, (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement. *Hand v. Stevens Transport Inc. Employee Benefit Plan*, 83 S.W.3d 286, 293 (Tex. App.—Dallas 2002, no pet.); *see also Walp v. Hunter*, No. 10-03-00019-CV, 2004 WL 444695 (Tex. App.—Waco Mar. 10, 2004, no pet.). Plaintiff has not demonstrated Texas's equitable tolling principles apply to toll the two-year limitations period for his § 1983 claims.

Specifically, Plaintiff does not allege—much less show—that he did not have actual or constructive knowledge of the filing deadline. Thus, Plaintiff cannot establish that he did not have actual or constructive knowledge of the filing deadline—the first or second factors under Texas law. Further, under the third factor, "a plaintiff must exercise diligence in the prosecution of his cause of action. The party must plead and prove that he exercised due care to prevent the running of the statute

6

or else he cannot overcome the properly asserted defense of limitations." *See Palmer v. Enserch Corp.*, 728 S.W.2d 431, 434 (Tex. App.—Austin 1987, writ ref'd n.r.e.). Plaintiff had 730 days from July 4, 2004 to July 4, 2006 to file his suit. Yet, he waited until, at the earliest, June 30, 2006—the last 4 days of the limitations period on his claims that accrued on July 4, 2004—to prepare his § 1983 complaint. Such dilatory conduct is opposite of due diligence. Last, Plaintiff has offered no facts in support of either the fourth or fifth factors. He has not shown there would be no prejudice to defendants, and he has not shown he was ignorant of the filing deadline. In sum, Texas' equitable tolling principles do not provide a basis to allow Plaintiff's claims that accrued before July 12, 2004.

In addition, nothing in federal law supports tolling the limitations period. The Fifth Circuit has consistently held that "equitable tolling is only appropriate in 'rare and exceptional circumstances.'" *United States v. English*, 400 F.3d 273, 275 (5th Cir. 2005); *see also Cavazos v. Gonzales*, 181 Fed. Appx. 453 (5th Cir. 2006). Plaintiff's excuse that he could not file his § 1983 complaint timely because he was waiting for a notarized copy of his prison account statement is not a "rare and exceptional circumstance" sufficient to invoke equitable tolling. *See Lyons v. Emerick*, 187 Fed. Appx. 219, 222 (3rd Cir. 2006) (holding that the fact Plaintiff had to wait for prison officials to provide him a prison account statement in order to submit an *in forma pauperis* application with his § 1983 complaint did not warrant equitable tolling). There is no federal rule that would have interfered with Plaintiff filing his § 1983 complaint even though it was not accompanied by an *in forma pauperis* application. *See* FED. R. CIV. P. 5(e) ("The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices.").

In addition to showing that "rare and exceptional circumstances" prevented the timely filing of

7

his complaint, plaintiff must also show he acted diligently to protect his rights. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). Plaintiff's explanation that he completed his § 1983 complaint on June 30, 2006, but could not file it until July 12, 2006 because that is when he obtained a notarized copy of his prison account statement, does not show he acted diligently. Plaintiff has shown no reason why he had to wait until the eleventh hour to prepare his § 1983 complaint. *See In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) ("A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."). Further, Plaintiff's argument for why he did not file his complaint within the limitations period addresses only the last 12 days of the two year limitations period. Plaintiff has not proffered any reason why he could not have filed suit during the portion of the two year limitations period (718 days) that preceded June 30. 2006. *See Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.").

This District Court has previously found that Plaintiff has presented no basis for equitable tolling under Texas or federal law. *See Order* dated August 3, 2007 (accepting Findings, Conclusions and Recommendation, as modified). For the same reasons, the Court should also dismiss Plaintiff's claim against Nurse Colin as untimely.

**B.**     *Jurisdiction*

Plaintiff attempts to sue unknown defendants in this action. (Compl. at 2). "Neither the Federal Rules of Civil Procedure nor [42 U.S.C. § 1983] provides authority for joining fictitious defendants in this suit." *Taylor v. Federal Home Loan Bank Bd.*, 661 F. Supp. 1341, 1350 (N.D. Tex. 1986). Because the Court lacks personal jurisdiction over such unidentified fictitious defendants, claims against such defendants are subject to dismissal. Accordingly, the Court recommends that Plaintiff's

complaint against the "Unknown Defendants" be dismissed pursuant to rule 12(b)(2) and 12(b)(6).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court **DISMISS** Plaintiff's claim against Nurse Colin with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure of plaintiff to file suit within the statutory period of limitations. It is further recommended that the Court summarily **DISMISS** Plaintiff's claims against unknown defendants without prejudice for lack of jurisdiction or alternatively, for failure to state a claim.

**Signed this 8th day of August, 2007.**

*[signature]*
**IRMA CARRILLO RAMIREZ**
**UNITED STATES MAGISTRATE JUDGE**

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
**IRMA CARRILLO RAMIREZ**
**UNITED STATES MAGISTRATE JUDGE**